UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 22-2032 (UNA) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

The Court construes plaintiff's *pro se* complaint, which asks for reversal of his criminal convictions in the United States District Court for the Southern District of New York, as a motion to vacate, set aside, or correct the sentence. To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255 or, as applicable, a writ of coram nobis. *See United States v. Morgan*, 346 U.S. 502, 507 n.9 (1954); *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Likewise, it has long been established that writs of coram nobis must be filed in the sentencing court. *See United States v. Morgan*, 346 U.S. 502, 507 n.9 (1954); *United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015); *United States v. Lee*, 84 F. Supp. 3d 7, 10

1

(D.D.C. 2015).  This is not the sentencing court, and the sentencing court's denial of plaintiff's § 2255 petition in 2020,[1] *see* Compl. at 5-6, does not confer jurisdiction on this Court.[2]

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint for lack of jurisdiction.  A separate order of dismissal accompanies this Memorandum Opinion.

DATE: July 28, 2022

/s/ Carl J. Nichols
CARL J. NICHOLS
United States District Judge

---

[1] *See* Memorandum and Order, *United States v. Williams*, No. 1:14-CR-0784 (S.D.N.Y. Mar. 28, 2022) (Dkt. 293).
[2] To the extent the *pro se* Complaint should be construed as a collateral attack on the denial of the previous 28 U.S.C. § 2255 motion, the proper procedure for that was an appeal of that denial.